# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John F. Grady | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 1617 | **DATE** | April 8, 2002 |
| **CASE TITLE** | Fox Valley Construction v. Michael Vorkapic, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Defendant Vorkapic's motion to dismiss the complaints against him [ ] is denied. ENTER MEMORANDUM OPINION.

(11) x [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| X | Notices MAILED by judge's staff. | | APR 17 2002 date docketed | |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to _____ | | date mailed notice | |
| KAM | courtroom deputy's initials | Date/time received in central Clerk's Office | KAM mailing deputy initials | |

(Reserved for use by the Court)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
APR 17 2002

BOARDS OF TRUSTEES OF THE )
BRICKLAYERS LOCAL 74 FRINGE )
BENEFIT FUNDS and BOARDS OF )
TRUSTEES OF THE BRICKLAYERS )
LOCAL 56 FRINGE BENEFIT FUNDS, )
 )
and )
 )
FOX VALLEY CONSTRUCTION WORKERS' )
FRINGE BENEFIT FUNDS, and )
MICHAEL T. KUCHARSKI, as )
Administrative Manager, )
 )
    Plaintiffs, )
 )
v. ) No. 01 C 1048
 ) No. 00 C 1617
MICHAEL J. VORKAPIC, INC., a )
dissolved Illinois Corporation, )
and MICHAEL J. VORKAPIC, )
Individually and d/b/a MICHAEL J. )
VORKAPIC, INC., J-A-M Masonry, )
Inc., an Illinois corporation, and )
EFRAIN PEREA, individually. )
 )
    Defendants. )

## MEMORANDUM OPINION

Before the court is the motion of defendant Michael Vorkapic, individually, to dismiss the complaints against him. For the reasons explained below, the motion is denied.

## BACKGROUND

The following facts are drawn from the complaints and are taken as true for the purpose of deciding this motion. The plaintiffs are fiduciaries and plan sponsors of employee fringe benefit funds ("Funds"). Defendant Michael J. Vorkapic is the President and owner of defendant Michael J. Vorkapic, Inc., ("MKI"), a bricklaying business incorporated in Illinois on July 14, 1995.

On May 15, 1995, Vorkapic signed a collective bargaining agreement ("CBA") on behalf of MKI with the Illinois District Council No. 1 of the International Union of Bricklayers and Allied Craftsmen ("District Council"). According to the CBA, the defendants were required to make contributions to the plaintiff Funds on behalf of employees performing bricklaying or bricklaying-related work. The defendants failed to make the requisite contributions a number of times, and the plaintiffs initiated at least two lawsuits to compel compliance. MKI was dissolved on December 1, 1999, but Vorkapic continued to operate his bricklaying business under that name. Vorkapic signed another CBA with the District Council in May of 2000. Once again, the defendants failed to make the requisite contributions to the Funds, and the plaintiffs filed this lawsuit for violations of ERISA. See 29 U.S.C. § 1145, § 1132. The plaintiffs allege that the defendants' continuing failure to make fund contributions

threaten the actuarial soundness of the pension funds and threaten to deprive the beneficiaries of the welfare funds of medical benefits.

Vorkapic brought this motion to dismiss on the basis that he was never an individual party to the relevant CBAs or employee benefit plans. He acknowledges that his corporation was involuntarily dissolved on December 1, 1999 but states that MKI was reinstated on December 18, 2001, and therefore, the corporate shield protects him from liability in this matter.

## **ANALYSIS**

The purpose of a 12(b)(6) motion to dismiss is to test the sufficiency of the complaint, not to resolve the case on the merits. 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356, at 294 (2d ed. 1990). When evaluating such a motion, the court must accept as true all factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. Hentosh v. Herman M. Finch Univ. of Health Sciences, 167 F.3d 1170, 1173 (7th Cir. 1999). Dismissal is appropriate only if "'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" Ledford v. Sullivan, 105 F.3d 354, 356 (7th Cir. 1997) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)).

Section 1145 of ERISA creates a cause of action against employers who fail to make contributions under the terms of a collective bargaining agreement. 29 U.S.C. § 1145. According to the Seventh Circuit:

> Corporate officers who are not parties to a pension plan or a collective bargaining agreement requiring contributions to a pension plan are personally liable for pension contributions only to the extent they are liable for general corporate debts under state corporate law.

Plumbers' Pension Fund, Local 130 v. Niedrich, 891 F.2d 1297 (7th Cir. 1989) (affirming dismissal of the complaint where the plaintiff failed to allege any basis for establishing personal liability upon the individual defendants). Therefore, we must examine Illinois state corporate law to determine whether Vorkapic may be held personally liable for making the relevant contributions. See Chicago Title Inst. Welfare Fund v. Hermansen, No. 94 C 7216, 1996 WL 131800 at *2 (N.D. Ill. March 21, 1996).

The plaintiff argues that Vorkapic is personally liable for the contributions because MKI was not incorporated at the time the first CBA was executed, and Vorkapic was operating MKI as a dissolved corporation between December 1, 1999 and December 18, 2001. We will address only the second argument, as it provides a clear basis for holding Vorkapic personally liable and, therefore, for denying his motion to dismiss.

The Illinois Business Corporations Act states (BCA) that "The administrative dissolution of a corporation terminates its

corporate existence and such a dissolved corporation shall not thereafter carry on any business...." 805 ILCS § 5/12.40(c). The BCA makes "[a]ll persons who assume to exercise corporate powers without authority ... jointly and severally liable for all debts and liabilities incurred or arising as a result thereof." 805 ILCS 5/3.20. In addition:

> The directors of a corporation that carries on its business after the filing by the Secretary of State of articles of dissolution, otherwise than so far as may be necessary for the winding up thereof, shall be jointly and severally liable to the creditors of such corporation for all debts and liabilities of the corporation incurred in so carrying on its business.

805 ILCS § 5/8.65(a)(3). Plainly, Illinois corporate law imposes personal liability on Vorkapic for operating the business of MKI while it was a dissolved corporation. See Hermansen, 1996 WL 131800 at *3.

Vorkapic admits that his corporation was dissolved for a two year period of time but argues that he cannot be held personally liable for fund contributions because the corporation has been reinstated. He quotes section 12.45(d) of the BCA, which provides:

> Upon the issuance of a certificate of reinstatement, the corporate existence shall be deemed to have continued without interruption from the date of the issuance of the certificate of dissolution, and the corporation shall stand revived with such powers, duties and obligations as if it had not been dissolved; and all acts and proceedings of its officers, directors and shareholders, acting or purporting to act as such, which would have been legal and valid but for such dissolution, shall stand ratified and confirmed.

805 ILCS 5/12.45(d). He argues that the plain meaning of this language is to absolve the individual from liability where the corporation has been reinstated.

It is clearly established law in Illinois, however, that section 12.45(d) may not be used to relieve an individual of personal liability for debts incurred while carrying on the business of a dissolved corporation. The Illinois Appellate Court has explained:

> [I]f the reinstatement of the corporation were held to "relate back" so as to nullify the personal liability of the person who incurred the debts, a former officer of a dissolved corporation could obtain credit, and subsequently shift his personal liability to the corporation simply by paying the arrearage in franchise tax. [Citation omitted.] ... [S]uch a result is against public policy because it would create a mechanism by which just debts could be easily evaded. We hold that the reinstatement of a dissolved corporation does not "relate back" to the time of dissolution so as to absolve the officers of personal liability for debts incurred by them during the period of dissolution.

Plepel's Estate v. Industrial Metals, Inc., 450 N.E.2d 1244, 1246 (Ill. App. Ct. 1983); see also Cardem, Inc. v. Marketron Int'l., Ltd., 749 N.E.2d 477, 481 (Ill. App. Ct. 2001) (discussing Plepel and subsequent cases); Hermansen, 1996 WL 131800, at *5 ("Given that §§ 3.20 and 8.65 establish personal liability for actions incurred in carrying on the corporation's business while the corporation is dissolved, § 12.45(d) at most would make the corporation potentially liable _in addition to_ the individual.")

Therefore, we hold that Vorkapic cannot avoid personal liability for contributions to the Funds during the period MKI was a dissolved corporation.[1] See Hermansen, 1996 WL 131800, at *6 (holding sole stockholder and director of dissolved and reinstated company personally liable under ERISA § 1145 for fringe benefit contributions).

## CONCLUSION

For the reasons explained above, the motion to dismiss Vorkapic on the basis that he has no personal liability for contributions to the Funds is denied.

DATE:     April 8, 2002

ENTER:    _____
          John F. Grady, United States District Judge

---

[1] We do not decide today whether Vorkapic is individually liable for all contributions on the basis that he signed the original CBA in May of 1995, two months before MKI was incorporated.